## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ADRIAN JAMES,**

     **Plaintiff,**

                                 **Case Number:**

**v.**

**PEMCO WORLD AIR SERVICES, INC.**

     **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.    Plaintiff, Adrian James, by and through his undersigned counsel, hereby brings this action for unpaid overtime wages against Defendant pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). Further, Plaintiff alleges Defendant violated 42 U.S.C.§ 1981 by discrimination based on his race, Black. In support of his Complaint, Plaintiff states as follows:

### Parties

2.    Plaintiff, Adrian James, is a qualified Black male and holds an Airframe and/or Powerplant (A&P) certificate issued by the Federal Aviation Authority.

3.    Plaintiff was employed by Defendant, PEMCO WORLD AIR SERVICES, INC., as an "A&P Mechanic."

4.    Defendant is an airplane maintenance facility.

5.    Plaintiff was employed by Defendant during the three years prior to the filing of this lawsuit.

Jurisdiction

6.    Defendant is an aircraft maintenance enterprise and provides aircraft maintenance services to its customers in Hillsborough County, Florida.

7.    Defendant employed Plaintiff as an aircraft mechanic in Hillsborough County, Florida.

8.    At all times during his employment, Plaintiff was employed by Defendant as a non-exempt employee in Hillsborough County, Florida.

9.    All events giving rise to this action occurred in Hillsborough County, Florida.

Facts

10.   Plaintiff was employed by Defendant as an aircraft mechanic.

11.   During Plaintiff's employment with Defendant, Plaintiff received paychecks from Defendant.

12.   At all times during Plaintiff's employment with Defendant, Plaintiff was qualified to perform all essential functions of his employment.

13.     At all times during Plaintiff's employment, Plaintiff was classified as a non-exempt employee paid on an hourly basis and not subject to any overtime exemptions or exceptions.

14.     At all times relevant to this action, Plaintiff worked for Defendant and performed services for Defendant in Hillsborough County, Florida.

15.     During the entirety of his employment, Plaintiff worked at least 55 hours per week.

16.     Plaintiff was not paid overtime wages for *all* of the hours he worked beyond 40 in a single workweek while employed by Defendant.

17.     Plaintiff was not subject to any overtime exemptions.

18.     Defendant engaged in an illegal policy of skimming and permitting Plaintiff to work 45 or more hours in each workweek of her employment and did not pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

19.     Defendant did not record all of the time worked by Plaintiff during his employment, which is a direct violation of 29 C.F.R. § 516.

20.     Defendant failed to pay Plaintiff at one-and-one-half-times his regular rate for all hours worked beyond 40 in a single workweek.

21.     Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiff premium wages for all hours worked while employed by

Defendant in an effort to extract work from Plaintiff without compensating Plaintiff for the work provided.

22.     As a result, Plaintiff often performed work for Defendant at a rate well below the appropriate premium wage because Plaintiff worked after hours in full-view of Defendant's management.

23.     As of this date, Plaintiff still has not been paid the entirety of his wages and has not been compensated for the full extent of his damages and wage loss under the FLSA.

24.     Plaintiff seeks full compensation, including unpaid premium wages, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiff at least one-and-one-half times his regular rate was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant.

25.     Defendant is a for profit corporation that operates and conducts business in, among others, Hillsborough County Florida, and is therefore, within the jurisdiction of the Court.

26.     Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d).   Plaintiff performed duties and responsibilities that involved aviation industry and required Plaintiff to regularly communicate with out-of-state vendors and suppliers. Defendant was also required

to accept payments from customers using credit cards and debit cards and communicating with out-of-state banks. Finally, Plaintiff was regularly involved repairing and maintaining aircrafts that traveled to Florida from other states and countries.

27.    This action is brought under the FLSA to recover from Defendant, unpaid overtime wages in the form of unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

28.    The Court has jurisdiction over Plaintiff's claims as material events transpired in Hillsborough County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

29.    At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).  Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the wireless aviation industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including food, goods, materials and supplies, who also use telephones, fax machines and other instrumentalities of commerce.

30.     At all material times relevant to this action, Plaintiff in his capacity as an aircraft mechanic, and was individually covered by the FLSA. The very essence of Plaintiff's employment, repairing aircrafts at an international airport, is so closely related to interstate commerce that Plaintiffs' relationship to interstate commerce cannot be separated.

31.     Indeed, Plaintiff was regularly required to communicate with out-of-state vendors and suppliers, out-of-state vendors, received mail from out-of-state, and communicated with other entities via internet, electronic mail, and telephonic communications.

32.      Plaintiff did not participate in the creation of budgets for Defendant or participate in corporate strategy or planning. Plaintiff did not implement legal compliance measures.

33.     At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during his employment.

34.     Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding

the precise number of overtime hours worked by Plaintiff during each week of her employment.

35.     However, Plaintiff alleges that he routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

36.     Specifically, Defendant suffered and permitted Plaintiff to work through his lunches while off the clock.

37.     Plaintiff was not paid for the time he spent working during his lunches while off the clock.

38.     The work performed by Plaintiff while off the clock during lunch was in full view of Defendant and often at Defendant's behest.

39.     Indeed, Defendant ordered Plaintiff to conduct "inventory" during his unpaid lunch breaks.

40.     Plaintiff regularly and routinely worked during his lunch breaks without compensation. Indeed, in any given week, Plaintiff spent approximately 2 hours working during his lunch breaks without pay.

41.     Defendant was aware that Plaintiff was working during his lunch breaks, yet Defendant refused, failed, or neglected to pay Plaintiff for the time he spent working during his lunch breaks in a cruel effort to extract free labor from Plaintiff.

42.     Plaintiff desired to be compensated for all of the time he spent working, including the time he spent working during his lunch breaks.

43.     Defendant engaged in a policy known as "automatic" lunch deductions in which Defendant automatically deducted 30 minutes per day from Plaintiff's timesheets to represent an unpaid lunch break.

44.     Defendant made no effort to remove or adjust their automatic lunch deduction policy to compensate Plaintiff who regularly worked through his lunch breaks.

45.     Instead, Defendant knowingly and willfully continued to deduct time from Plaintiff's timesheets on a daily basis even though Defendant knew Plaintiff regularly worked though his lunch breaks.

46.     On or about May 10, 2021, Plaintiff's fiancé experienced a medical emergency and Plaintiff was required to leave work abruptly to care for his fiancé.

47.     Because Plaintiff misplaced his badge, he asked another employee to clock him out at the time Plaintiff left Defendant's facility.

48.     While Plaintiff was employed by Defendant, it was common for employees to clock other employees out when needed.

49.     To Plaintiff's knowledge, no employees had been disciplined for asking another employee to clock them out prior to May 10, 2021.

50.     Defendant terminated Plaintiff on May 10, 2021, allegedly because Plaintiff asked another employee to clock him out, which was common practice for Defendant's employees.

51.     In fact, non-Black employees were punished less severely than Plaintiff for asking other employees to clock them out.

52.     Specifically, at the time of Plaintiff's termination, Defendant was aware that a non-Black employee had also asked another employee to clock him out.

53.     Rather than terminating the non-Black employee, in order to issue the same punishment to the non-Black employee,

54.     Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiffs' true hours of work.

55.     Plaintiff has been financially damaged by Defendant's failure to properly compensate Plaintiff for all hours worked.

56.     Plaintiff has been financially damaged by Defendant's decision to terminate Plaintiff's employment based on his race, Black.

57.     But for Plaintiff's race, Black, Plaintiff would not have been terminated and would have instead received a lesser punishment like other non-Black employees.

## COUNT I – RACIAL DISCRIMINATION

58.    Plaintiff hereby incorporates and re-alleges 1-57, above.

59.    Plaintiff is a qualified Black male and therefore a member of a protected class due to his race.

60.    Plaintiff terminated by Defendant on May 10, 2021.

61.    Defendant is engaged in interstate commerce by virtue or Defendant's business, which is an aircraft maintenance facility, providing services to aircraft traveling interstate.

62.    Plaintiff was subjected to racially disparate workplace environment repeatedly throughout the period of time in which Plaintiff worked for Defendant.

63.    Defendant consistently and habitually treated Plaintiff in a less favorable manner than non-Black employees in Defendant's workplace.

64.    Defendant treated Plaintiff in a less favorable manner than non-Black employees because Plaintiff is a Black male.

65.    Plaintiff was entitled to be treated in the same manner as non-Black employees and was entitled to receive the same terms, conditions, privileges, and benefits as the non-Black employees in Defendant's workplace.

66.    42 U.S.C. 1981, in pertinent part states "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and

10

equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other, thereby prohibiting employers such as Defendant from subjecting Plaintiff to a racially hostile work place.

67.     Because of Plaintiff's race, Defendant terminated Plaintiff's employment and punished Plaintiff more severely than non-Black employees.

68.     But for Plaintiff being Black, he would not have been terminated by Defendant and instead would have received a lesser punishment; as other non-Black employees received.

69.     Despite the provisions of 42 U.S.C. 1981, Defendant took adverse employment actions against Plaintiff.

70.     Plaintiff were damaged as a direct result of Defendant's discriminatory treatment.

## COUNT II – RECOVERY OF OVERTIME WAGES

71.      Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-57, above.

72.     Plaintiff was employed by Defendant and was, at all times, protected by the FLSA.

73.     Plaintiff was entitled to receive one-and-one-half times her regular rate for all hours worked beyond 40 in a single work week.

74.     Defendant engaged in an illegal policy of not paying Plaintiff premium wages for all hours worked beyond 40 in a single work week.

75.     Plaintiff was damaged as a result of Defendant's failure to pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

76.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid premium wages, liquidated damages, attorney's fees, and costs.

77.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demand judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the unpaid overtime wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 11th day of July, 2021.


**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com